IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY BLANCHARD, #39642-037           *
    Plaintiff,
  v.                                  *   CIVIL ACTION NO. PJM-14-723

STEVEN M. DUNNE, ASSISTANT UNITED   *
  STATES ATTORNEY
DAVID GORRELL, A.T.F. AGENT         *
SARGEANT PATRICK HAMPSON,
  PRINCE GEORGE'S COUNTY POLICE     *
ANTHONY KING, PRINCE GEORGE'S
  COUNTY POLICE                     *
AUTHOR COATES, MARYLAND
  PROBATION AND PAROLE OFFICER      *
REPRESENTING COUNSEL, *et al*.
    Defendants                      *
                                            *****

**MEMORANDUM OPINION**

      On March 14, 2007 a criminal complaint was entered against Ray Blanchard ("Blanchard"). *See United States v. Blanchard*, Criminal No. PJM-07-0143 (D. Md.). A jury convicted Blanchard of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 327 months in the U.S. Bureau of Prisons. Judgment was entered on June 25, 2009.

      The criminal judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on August 17, 2010. *See United States v. Blanchard*, 391 Fed. App'x. 285 (4th Cir. 2010). Blanchard's Motion to Vacate his conviction and sentence was denied by the Court on November 2, 2011. The Fourth Circuit denied a certificate of appealability and dismissed the appeal on March 20, 2012. See *United States v. Blanchard*, 469 Fed. App'x. 229 (4th Cir. 2012).

On March 10, 2014, the Court received this "Criminal Complaint" filed by Blanchard, who is currently confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. He alleges that on the same date that the criminal complaint was entered against him, Defendants began to "formulate a scheme/plot to conspire" against him and engaged in fraud in the aforementioned criminal case. (ECF No. 1 at pgs. 1-2). He claims that the federal prosecutor and public defender altered a police report; defense counsel failed to subpoena the testimony of certain witnesses; and the federal prosecutor knowingly allowed perjured testimony from government witnesses and engaged in general misconduct and misrepresentation. (*Id*. at p. 2).

Blanchard asks that the Court generously construe his Complaint. He attaches a list of civil and criminal offenses allegedly committed by Defendants along with various articles and letters pertaining to his criminal case.[1] (*Id*.).

As Blanchard is aware (*see* cover letter), a private citizen has no free-standing right to seek the criminal prosecution of individuals. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Further, a private citizen has no authority to initiate a criminal prosecution. *See Cok v. Costentino*, 876 F.2d 1, 2 (1st Cir. 1989). Therefore, Blanchard has no constitutional right to file a criminal complaint against the various Defendants.

To the extent that Blanchard may be seeking compensation or declaratory relief under a 42 U.S.C. § 1983/28 U.S.C. § 1331 civil rights theory related to government employees' alleged illegal

---

[1] Blanchard did not file the civil filing fee or an indigency motion. In light of the dismissal of this case he shall not be required to cure this deficiency.

acts involving his criminal trial, the case shall be summarily dismissed without prejudice as the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7 (emphasis in original).

Blanchard's claims are inextricably interwoven with the constitutionality of his federal criminal charge and resulting conviction. Under *Heck,* he may not use a § 1983/*Bivens* action as a mechanism for challenging the validity of his conviction.[2] Accordingly, as his federal conviction

---

[2] The rationale in *Heck* applies with equal force to 28 U.S.C. § 1331 actions filed under *Bivens*

has not been declared invalid, all of Blanchard's claims should be dismissed under *Heck*. Consequently, this Complaint shall be summarily dismissed without prejudice. A separate Order follows.

March 14, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Messer v. Kelly*, 129 F. 3d 1259, at *1 (4th Cir. 1997*); see also Lora-Pena v. F.B.I.,* 529 F.3d 503, 506 n.2 (3d Cir. 2008)*; Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995).